NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HANTZ SOFTWARE, LLC,**
*Plaintiff-Appellant*

**v.**

**SAGE INTACCT, INC.,**
*Defendant-Appellee*

---

2022-1390

---

Appeal from the United States District Court for the Northern District of California in No. 4:21-cv-01987-HSG, Judge Haywood S. Gilliam, Jr.

---

Decided: March 20, 2023

---

LEWIS EMERY HUDNELL, III, Hudnell Law Group PC, Mountain View, CA, argued for plaintiff-appellant.

ROBERT COURTNEY, Fish & Richardson P.C., Minneapolis, MN, argued for defendant-appellee. Also represented by LAUREN ANN DEGNAN, LAURA E. POWELL, Washington, DC.

---

Before MOORE, *Chief Judge*, PROST and HUGHES, *Circuit Judges*.

PROST, *Circuit Judge*.

Hantz Software, LLC ("Hantz") sued Sage Intacct, Inc. ("Sage") in the U.S. District Court for the Northern District of California alleging that Sage infringed U.S. Patent Nos. 8,055,559 and 8,055,560 (the "asserted patents"). Hantz's first amended complaint (the operative complaint) alleged that Sage infringed claims 1 and 31–33 of each asserted patent. Sage moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint asserted patent-ineligible claims under 35 U.S.C. § 101. Hantz opposed and also moved for leave to file a second amended complaint. The district court (1) concluded that the asserted patents are ineligible under § 101 and, on that basis, dismissed the operative complaint; (2) denied Hantz leave to file a second amended complaint; and (3) entered final judgment. Hantz appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

We affirm the district court's decisions holding claims 1 and 31–33 of the asserted patents ineligible under § 101 and denying Hantz leave to file a second amended complaint.

Hantz maintains—and Sage agrees—that the district court's ineligibility judgment extended to *all* claims of the asserted patents, not just claims 1 and 31–33. According to Hantz, any ineligibility judgment should apply to only claims 1 and 31–33 of the asserted patents because Hantz's operative complaint asserted infringement of only those claims. We agree. Although Hantz's operative complaint alleged that Sage infringed "one or more claims" of each asserted patent, it also stated that Sage's infringement was "detailed in Exhibit C" to the complaint—an exhibit that supplied infringement claim charts for only claims 1 and 31–33 of the asserted patents. *E.g.*, J.A. 263 ¶ 62; J.A. 265 ¶ 71; *see* J.A. 390–421 (Ex. C). And, to the extent any lack

of clarity persisted as to the specific claims the operative complaint was and wasn't asserting, Hantz dispelled it at the district court's hearing on Sage's motion to dismiss, where Hantz confirmed: "The only claims before the [district] court are the independent claims [i.e., claims 1 and 31–33] that are set forth in the [first] amended complaint. No dependent claims were asserted in the [first amended] complaint and therefore [they] aren't before the court." J.A. 574–75 (capitalization normalized).

Because, in view of the foregoing, we agree that the operative complaint asserted infringement of only claims 1 and 31–33 of each asserted patent, and because Sage did not file any counterclaim of its own (instead, it simply moved to dismiss Hantz's complaint), we conclude that the ineligibility judgment should apply to only claims 1 and 31–33 of the asserted patents. We therefore vacate the district court's judgment insofar as it held any claim other than claims 1 and 31–33 of each asserted patent ineligible and affirm in all other respects.

**AFFIRMED-IN-PART, VACATED-IN-PART**

COSTS

No costs.